```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

PORTADAM, INC., *et al.*          :     CIVIL ACTION
                                  :
      v.                          :
                                  :
SEABRIGHT INSURANCE COMPANY       :     NO. 10-2187

**MEMORANDUM**

Fullam, Sr. J.                                    September 29, 2010

        In this insurance dispute, the plaintiffs (a New Jersey company and a New York citizen) have sued SeaBright Insurance Company (according to the complaint, a Washington company doing business in Pennsylvania), alleging that SeaBright failed to defend and indemnify them in connection with wrongful death and workers compensation claims arising from a fatal accident in Utah. The workers compensation claim is pending in a New Jersey state court; the wrongful death action is on appeal to the United States Court of Appeals for the Second Circuit from a decision of the United States District Court for the Northern District of New York granting summary judgment in favor of Portadam and its employees.  The defendant seeks to have the case dismissed or transferred to the United States District Court for the District of New Jersey.  Although venue in this District is proper (the decision to deny coverage apparently was made from a SeaBright office in Pennsylvania), upon consideration of the factors set forth in <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995), I have determined that the case belongs in New Jersey.

The policy in question was issued from SeaBright's Seattle, Washington office to Portadam's Williamstown, New Jersey office.  The policy provides workers compensation coverage to Portadam in New Jersey, California, Georgia, and Texas.  Pennsylvania has no substantive connection to the policy or the coverage provided thereby.  Both the workers compensation and wrongful death actions turn on the interpretation of New Jersey's workers compensation law.  Finally, litigation in New Jersey would resolve any question of whether a Pennsylvania employee referenced in the complaint but not named as a party could be joined without destroying diversity (SeaBright filed a motion to dismiss for failure to join an indispensable party).  For these reasons, the motion to transfer will be granted.  Because the transfer to New Jersey may have an effect on the other grounds urged by SeaBright for dismissal, I will deny the motion to dismiss without prejudice as to the arguments other than venue.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.