```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PORTADAM, INC. and ROBERT GATTA,<br><br>         Plaintiffs,<br><br>      v.<br><br>SEABRIGHT INSURANCE COMPANY,<br><br>         Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-5657<br>        (JEI/KMW)<br><br>**OPINION** |

Brian J. Smith
140 E. Butler Avenue
P.O. Box 387
Ambler, PA 19002
     Counsel for Plaintiffs

Douglas J. Kent
1845 Walnut Street
19th Floor
Philadelphia, PA 19103
     and
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PC
By:  Steven Jay Polansky
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
     Counsel for Defendant

**IRENAS**, Senior District Judge:

This matter appears before the Court on Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3), (6) and (7).[1]  For the reasons sets forth below, the Court will deny the Motion.

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

I.

The Complaint alleges that Plaintiff Portadam, Inc. ("PAD") entered into an insurance contract (the "Policy") with Defendant Seabright Insurance Company ("Seabright") on October 12, 2006. (Complaint ¶ 6) The Policy covered worker's compensation claims and employer liability. (*Id.* at 10) PAD paid the appropriate premium and satisfied all other conditions precedent under the Policy. (*Id.* at 7, 12) The term of the Policy was initially from October 12, 2006 to October 12, 2007, and was extended to cover the period from October 12, 2007 to October 31, 2007. (*Id.* at 9)

On October 30, 2007, PAD was operating at a work site in Utah. (*Id.* at 13) Timothy Loveria ("Loveria"), a diver working on that project for PAD, suffered a heart attack while under water and died as a result. (*Id.* at 14-15)

Loveria's estate brought a claim under the New Jersey Workers' Compensation Act ("NJWCA"), N.J.S.A. § 34:15-1, et. seq.[2] (*Id.* at 16-17) Loveria's estate also brought a wrongful death and survival action (the "New York Action") in the United States District Court for the Northern District of New York against PAD, Plaintiff Robert Gatta ("Gatta"), and Timothy Brearman ("Brearman")[3]. (*Id.* at 18)

---

[2] Seabright has noted that the New York Action has been dismissed in its entirety, but the plaintiffs in that action have filed a motion for reconsideration which is still pending. (Defendant's Motion to Dismiss 4-5)

[3] Plaintiff only specifies that Gatta was an "employee and representative." (Complaint ¶ 11)  Based on Defendant's filings,

PAD and Gatta notified Seabright of the workers compensation claim and the New York Action in a timely manner.  (*Id.* at 19) Seabright has admitted that Loveria's death was in the course and scope of his employment with PAD.  (*Id.* at 20)  Nonetheless, Seabright has refused to defend or indemnify PAD or Gatta in the New York Action.  (*Id.* at 21)

On May 12, 2010, PAD and Gatta filed the Complaint in the United States District Court for the Eastern District of Pennsylvania.  Count I of the Complaint seeks a declaratory judgment declaring that Seabright is obligated to defend the New York Action, compensate PAD and Gatta for counsel fees and costs and pay defense counsel going forward.  Count II seeks a declaratory judgment declaring that Seabright is obligated to indemnify any claims in the New York Action, reimburse PAD and Gatta for costs and pay costs going forward.  Count III is a claim for breach of the Policy.  Count IV is a claim for bad faith.

On June 8, 2010, Seabright filed the Motion to Dismiss currently before the Court.  Seabright argued that the Complaint should be dismissed for improper venue, failure to join an indispensable party, and failure to state a cause of action upon which relief can be granted.  On June 17, 2010, Seabright also

---

Gatta and Brearman are both shareholders, officers, directors and employees of PAD who had direction and control of the Utah job site.  (Exhibit 1 to Defendant's Motion to Dismiss)

filed a Motion to Transfer Venue, requesting that the case be transferred to the United States District Court for the District of New Jersey.

On September 29, 2010, Judge Fullam of the United States District Court for the Eastern District of Pennsylvania granted Seabright's Motion to Transfer Venue.  Judge Fullam also dismissed with prejudice Seabright's Motion to Dismiss based on improper venue, and dismissed without prejudice the remainder of Seabright's Motion to Dismiss.

On October 29, 2010, Seabright renewed their Motion to Dismiss in this Court.

**II.**

Federal Rule of Civil Procedure 12(b)(7) provides that an action may be dismissed due to the plaintiff's failure to join an indispensable party pursuant to Rule 19.  Federal Rule of Civil Procedure 19, in turn, provides the standard the Court must employ in determining whether a case may proceed without the joinder of certain persons, and requires that the Court undertake a three-part analysis to evaluate the indispensability of the absent parties.[4]  The Court must decide (1) whether it is

---

[4] Federal Rule of Civil Procedure 19 reads, in relevant part, "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the

4

necessary that the absent party be joined; (2) whether it is possible for the absent necessary party to be joined; and (3) if joinder of the absent party is not feasible, whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." *Id.* "If the party is indispensable, the action therefore cannot go forward." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 404 (3d Cir. 1993). The question of an absent person's indispensability is a fact-specific issue that "can only be determined in the context of the particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118 (1968).

    Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the

---

person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

5

plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

### III.

#### A.

Seabright argues that the Complaint should be dismissed for failure to join Timothy Brearman, an indispensable party. The Court disagrees.

A party that is not necessary cannot be indispensable. *See* Fed. R. Civ. P. 19. In order to determine if a party is necessary, the Court must first determine whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties. Fed. R. Civ. P. 19(a)(1); *see General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007). This determination is limited to whether the Court can grant complete relief to persons already named as parties to the action; what effect a decision may have on absent parties is immaterial. *Id.*

At issue before the Court is whether Seabright is required to defend and indemnify PAD or Gatta. The determination of

6

Seabright's obligations to PAD and Gatta does not implicate Brearman, and complete relief can be granted to both PAD and Gatta despite Brearman's absence.  Therefore Brearman is not a necessary party under Rule 19(a)(1).

Next, the Court must determine if continuing the present action without Brearman would expose Seabright to double, multiple, or otherwise inconsistent obligations.[5] Fed. R. Civ. P. 19(a)(2)(ii).  The present case relates only to Seabright's obligations to PAD and Gatta and does not implicate Seabright's obligations to Brearman, if any.  If Brearman did pursue a separate action, any relief granted to Brearman in such action would not be inconsistent with the relief that PAD or Gatta seek in the present action, and therefore Brearman is not a necessary party under Rule 19(a)(2)(ii).

Because Brearman is not a necessary party under Rule 19(a), Brearman is not an indispensable party and Seabright's motion to dismiss for failure to join an indispensable party will be denied.

---

[5] Seabright does not contend, under Rule 19(a)(2)(i), that the determination of the rights of PAD or Gatta would impair or impede Brearman's ability to protect his interest in the subject matter litigation.

**B.**

Next, Seabright argues that the Complaint should be dismissed for failure to state a claim upon which relief may be granted. The Court disagrees.

Seabright presents three factual arguments in support of his contention: (1) Gatta was not a name insured under the Policy and therefore not entitled to defense or indemnity coverage,[6] (2) Loveria was an independent contractor and therefore not covered under the Policy, and (3) there is no coverage under the Policy because the injuries were allegedly caused by the intentional acts of Gatta and Brearman. Seabright next argues that the dismissal of the New York Action precludes the present action. Finally, Seabright argues that PAD and Gatta cannot maintain an action for bad faith because the Plaintiffs have failed to adequately plead a bad faith cause of action.

As to Seabright's factual arguments, at this point in the litigation the Court must assume all factual allegations in the Complaint are true and view them in the light most favorable to PAD and Gatta. Therefore, in deciding the present Motion to Dismiss, the Court must assume that Gatta was covered under the Policy, that Loveria was an employee and not an independent contractor, and that the injuries of Loveria were not caused by

---

[6] Seabright also claims that Brearman was not an insured under the Policy, although that is not material to this Opinion.

intentional acts.  Given such assumptions, Seabright's factual arguments fail.

Next, although summary judgment has been granted in the New York Action, a motion for reconsideration is still pending before that court, and the plaintiffs in the New York Action may still pursue an appeal.  Because the New York Action is not subject to a final, nonappealable order, PAD and Gatta may still incur liability in that action and it is appropriate for them to seek relief in the present matter.

Finally, PAD and Gatta have adequately stated a claim against Seabright for bad faith.  In order to establish bad faith, "a plaintiff must show the absence of a reasonable basis for denying benefits of the policy." *Tarsio v. Provident Ins. Co.*, 108 F. Supp. 2d 397, 401 (D.N.J. 2000).  If the plaintiff demonstrates absence of a reasonable basis, he must then prove that the defendant knew or recklessly disregarded the lack of a reasonable basis for denying the claim.  *Id.*  Here, PAD and Gatta have plead that Seabright denied coverage under the Policy "without colorable reason to disclaim coverage" despite admitting that Loveria's death was in the course and scope of his employment.  (Complaint ¶ 20, 48) These allegations are adequate to state a claim for bad faith.

PAD and Gatta have adequately stated claims for which relief may be granted on all counts, and Seabright's Motion to Dismiss

for failure to state a claim will be denied.

### IV.

The Court will deny Seabright's Motion to Dismiss.  The Court will issue an appropriate order.

Dated: January 6, 2011

                                s/ Joseph E. Irenas
                                **JOSEPH E. IRENAS, S.U.S.D.J.**